**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael CHEN, Defendant–Appellant.**

No. 13–10065.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2014.

Filed March 20, 2014.

Merry Jean Chan, Esquire, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Stanley Lester Friedman, Los Angeles, CA, for Defendant–Appellant.

Before: FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Defendant Michael Chen appeals his conviction and his sentence. We affirm.

1. The district court did not err in denying Chen's suppression motion. *See United States v. Aukai,* 497 F.3d 955, 958 (9th Cir.2007) (en banc). Chen waived any privilege by disclosing to the government documents that he gave to Tony Gu. *See United States v. Richey,* 632 F.3d 559, 566 (9th Cir.2011). Further, "[e]ven if the evidence should have been suppressed, its admission was harmless beyond a reasonable doubt because the evidence was merely cumulative." *United States v. Studley,* 783 F.2d 934, 941 (9th Cir.1986).

2. The district court did not err in rejecting Chen's constitutional challenge to his mail fraud convictions under 18 U.S.C. § 1341. *See United States v. Navarro–Vargas,* 408 F.3d 1184, 1209 n. 32 (9th Cir.2005) (en banc). Chen's "mailing of false state tax returns constituted a violation of 18 U.S.C. § 1341," *United States v. Miller,* 545 F.2d 1204, 1216 n. 17 (9th Cir.1976), *abrogated on other grounds by Boulware v. United States,* 552 U.S. 421, 436, 128 S.Ct. 1168, 170 L.Ed.2d 34 (2008), regardless of whether Chen "was required . . . to use the mails to submit the fraudu-

lent tax forms," *United States v. Kellogg,* 955 F.2d 1244, 1247 (9th Cir.1992).

3. The district court did not abuse its discretion in admitting evidence of Chen's self-reported income from Fune Ya. *See Estate of Barabin v. AstenJohnson, Inc.,* 740 F.3d 457, 462 (9th Cir.2014) (en banc). The evidence's probative value was not "substantially outweighed by its prejudicial impact," *Perry v. New Hampshire,* —— U.S. ——, 132 S.Ct. 716, 729, 181 L.Ed.2d 694 (2012), and any risk of unfair prejudice was reduced by the district court's limiting instructions, *United States v. Cherer,* 513 F.3d 1150, 1159 (9th Cir.2008).

4. The district court did not clearly err in calculating Chen's tax loss using U.S.S.G. § 2T1.1(c)'s presumptive rates. *See United States v. Stargell,* 738 F.3d 1018, 1024 (9th Cir.2013). Section 2T1.1 "does not entitle a defendant to reduce the tax loss charged to him" based on unclaimed deductions, *United States v. Yip,* 592 F.3d 1035, 1041 (9th Cir.2010), and the district court's finding that Chen failed to supply a more accurate tax loss calculation was far from clearly erroneous.

The judgment of conviction and the sentence are

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.